PATRICK E. ROGAN *et al. vs.* ALFRED E. SHERMAN *et al.*

PROVIDENCE—FEBRUARY 9, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

In computing the indebtedness of the town of Lincoln, for the purpose of ascertaining whether the town has exceeded the limitations imposed upon it by Gen. Laws R. I. cap. 36, § 21, it is proper to deduct therefrom its note for ten thousand dollars given for current expenses, provision for the payment of which was made in the current tax; and also to deduct its bonded indebtedness and its expenditures for sewers, which are exempted from the operation of said statute by Gen. Laws R. I. cap. 298, § 3.

BILL IN EQUITY to enjoin the town of Lincoln from proceeding with the purchase of land for, and the erection thereon of, a town-house. Heard on pleadings and proofs.

MATTESON, C. J. This is a bill for an injunction. The case is as follows: On September 2, 1897, at a town-meeting specially called, the town council of Lincoln were authorized to appoint a commission to select a site for a town-house and to erect a town house at a cost not exceeding $10,000, and the town treasurer was authorized to hire money for that purpose. The town council, in pursuance of the authority conferred on them, appointed commissioners who have selected and negotiated for a site and have adopted plans for a town-house, and have also negotiated for its building. The complainants, who are tax-payers of the town, allege that the action of the town-meeting and of the commissioners is illegal and void because the indebtedness attempted to be created by the resolution is in excess of three per cent. of the taxable property of the town and in violation of Gen. Laws R. I. cap. 36, § 21, which provides as follows: "No town shall, without special statutory authority therefor, incur any debt in excess of three per centum of the taxable property of such town, including the indebtedness of such town on the tenth day of April, one thousand eight hundred seventy-eight, but the giving of a new note or bond for a pre-existing debt or for money borrowed and applied to the payment of such pre-existing debt is excepted from the provisions of this section, and the amount of any sinking fund shall be deducted in computing such indebtedness."

The testimony shows that on September 2, 1897, when the town-meeting was held, the floating indebtedness of the town was $123,500 and its bonded indebtedness was $61,180, making a total of $184,680. The valuation of the property in the town for its tax for the fiscal year 1897–8 was $3,992,680, three per cent. of which amounts to $119,780.40. The excess of indebtedness of the town over the three per cent. on its valuation on September 2, 1897, was, therefore, $64,900.

The assessment of the tax for the fiscal year 1897–8, made

in August, 1897, amounted to $43,919.48. Besides this tax the income of the town for the year, from liquor licenses and other sources, amounted, approximately, to $8,000. The appropriations made at the annual town-meeting in June, 1897, amounted to $54,248.70, which covered the entire receipts of the town for the fiscal year.

The testimony further shows that prior to the division of the town of Lincoln, by which the city of Central Falls was created, there had been expended by the town, for sewers in the present town, $9,700, and since that date $3,441.88, making a total of $13,141.88. And it also appears that $10,000 of the $123,500, the floating indebtedness of the town on September 2, 1897, was represented by a note of that amount, which had been given to raise money for the current expenses of the town, and was to be paid out of the annual tax as it was collected.

The respondents refer to Pub. Laws R. I. cap. 1342, of June 12, 1894, § 1, which enacts that "The town of Lincoln is hereby exempted from the provisions of section 17, chapter 34, of the Public Statutes, in so far as its present indebtedness and the amount that has been and may be expended for public sewers is concerned." Pub. Stat. R. I. cap. 34, § 12, referred to in Pub. Laws R. I. cap. 1342, § 1, was precisely like Gen. Laws R. I. cap. 36, § 21, except that it did not contain the words "without special statutory authority therefor," and was repealed by Gen. Laws R. I. cap. 298, § 1 ; but by § 3 of cap. 298 it is provided that the repeal of the acts referred to or enumerated in the chapter shall not affect "any right accruing or accrued or acquired or established." The respondents contend that by reason of these statutory provisions there should be deducted from the indebtedness of the town, in ascertaining whether it has exceeded the limit of indebtedness allowed by law, its bonded indebtedness, $61,180, and the amount expended for sewers, $13,141.88, making a total of $74,321.88, and also the $10,000 note given for current expenses, the payment of which is provided for by the tax for the current year, which, added to the $74,321.88, makes $84,321.88 ; that deducting this sum from $123,500,

the total indebtedness on September 2, 1897, and the balance is $39,178.12; that as three per cent. of the valuation of the town for the current fiscal year, to wit, $3,992,680, amounts to $119,780.40, it is apparent that the town has not exceeded the statutory limit in its resolution appropriating the $10,000 in question.

We think that these contentions of the respondents are correct. The right of the town to treat its bonded indebtedness and expenditures for sewers as exempt from the operation of the statute, in computing its indebtedness for the purpose of ascertaining whether it was within the limit prescribed by Gen. Laws R. I. cap. 36, § 21, was preserved to it by Gen. Laws R. I. cap. 298, § 3; and the note of $10,000 given for current expenses, provision for the payment of which was made out of the annual tax, was also properly deducted. *Read* v. *Atlantic City*, 49 N. J. L. 558; *McAleer* v. *Angell*, 19 R. I. 688.

We are of the opinion, therefore, that the bill should be dismissed.

*Edward D. Bassett and Edward L. Mitchell*, for complainant.

*James Harris and James Tillinghast*, for respondents.